CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED
FEB 15 2013
JULIA C. DUDLEY, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | |
|---|---|
| MARGO S. HEDRICK, | CASE NO. 4:12CV00018 |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| MICHAEL J. ASTRUE, Commissioner of Social Security, | |
| Defendant. | By: B. Waugh Crigler U. S. Magistrate Judge |

This challenge to a final decision of the Commissioner which denied plaintiff's November 20, 2009 protectively-filed applications for a period of disability and disability insurance benefits under the Social Security Act ("Act"), as amended, 42 U.S.C. §§ 416, 423 and 1381, et seq., is before this court under authority of 28 U.S.C. § 636(b)(1)(B) to render to the presiding District Judge a report setting forth appropriate findings, conclusions, and recommendations for the disposition of the case. The question presented is whether the Commissioner's final decision is supported by substantial evidence. 42 U.S.C. § 405(g). For the reasons that follow, the undersigned will RECOMMEND that an Order enter DENYING plaintiff's motion for summary judgment, GRANTING the Commissioner's motion for summary judgment, and DISMISSING plaintiff's complaint from the docket of the court.

In a decision dated August 25, 2011, an Administrative Law Judge ("Law Judge") found that plaintiff had not engaged in substantial gainful activity since March 1, 2009, her alleged date of disability onset.[1] (R. 11.) The Law Judge determined plaintiff's right foot impairment and

---

[1] Disability is defined as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment or combination of impairments that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(A). In order to qualify for a period of disability and disability insurance benefits, plaintiff must establish that she

1

obesity were severe impairments. (R. 11.) He also concluded that, through the date of the hearing, plaintiff did not suffer an impairment or combination of impairments which met or equaled a listed impairment. (R. 12.) Further, the Law Judge found that plaintiff possessed the residual functional capacity ("RFC") to perform sedentary work except that she was limited to no more than occasionally operating foot controls, pushing or pulling with her right leg, stooping, kneeling, crouching, crawling, or climbing ramps or stairs, was prohibited from balancing on her right foot or climbing ladders, ropes, and scaffolds, and must avoid concentrated exposure to temperature extremes, hazardous machinery, and unprotected heights.[2] (R. 12.)

The Law Judge relied on portions of the testimony of Dr. Sandra Wells-Brown, a vocational expert ("VE"), which were in response to questions premised on the Law Judge's RFC finding. (R. 16, 38-42.) Based on this testimony, the Law Judge determined that, while plaintiff was unable to perform her past relevant work as a certified nurse aide, she could perform a range of sedentary work which was available to her as a clerical worker, surveillance system monitor, or escort vehicle driver.[3] (R. 15-16, 39-42.) The Law Judge found plaintiff not disabled under the Act.

Plaintiff appealed the Law Judge's August 25, 2011 decision to the Appeals Council. (R. 1-8.) In its April 26, 2012 decision, the Appeals Council found no basis to review the Law Judge's decision. (R. 1.) The Appeals Council denied review and adopted the Law Judge's

---

became disabled prior to the expiration of her insured status, which was June 30, 2010. *See* 20 C.F.R. § 404.131(a); (R. 11.)

[2] Sedentary work is defined in 20 C.F.R. § 404.1567(a) as involving lifting no more than 10 pounds at a time with occasional lifting or carrying of objects such as files or small tools. A job in this category involves sitting, though a certain amount of walking or standing is often necessary.

[3] The VE testified that escort vehicles are typically equipped with cruise control and therefore would involve no more than occasional use of foot controls. (R. 41.)

2

decision as the final decision of the Commissioner. (*Id.*) This action ensued and briefs were filed.

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and medical findings to determine the functional capacity of the claimant. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Shively v. Heckler*, 739 F.2d 987 (4th Cir. 1984). The regulations grant some latitude to the Commissioner in resolving conflicts or inconsistencies in the evidence, which the court is to review for clear error or lack of substantial evidentiary support. *Craig v. Chater*, 76 F.3d 585, 589-590 (4th Cir. 1996). In all, if the Commissioner's resolution of the conflicts in the evidence is supported by substantial evidence, the court is to affirm the Commissioner's final decision. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence is defined as evidence, "which reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than preponderance." *Id.* at 642.

Plaintiff, who is proceeding *pro se*, asserts that the Law Judge's finding that plaintiff was capable of sedentary work is not supported by substantial evidence. (Dkt. No. 15, at 1.)

Here, the Law Judge found that plaintiff's right foot impairment was a severe impairment, and that her medically determinable impairments reasonably could be expected to produce some of her alleged symptoms. (R. 11, 13.) However, he concluded that plaintiff's statements concerning the intensity, persistence, and limiting effects were not credible to the extent they were inconsistent with his RFC assessment. (R. 13.)

In reviewing a claimant's subjective allegations of the intensity and limiting effects of her condition, the Law Judge was entitled to consider all evidence of record, including the claimant's testimony, medical records, the claimant's daily activities, and the nature of her treatment. 20

3

C.F.R. § 404.1529(c). While a claimant need not provide objective evidence in support of her subjective allegations, the absence of objective evidence can bear on whether her allegations are found credible. *Hines v. Barnhart*, 453 F.3d 559, 564-565 (4th Cir. 2006).

There is no dispute in the evidence that plaintiff was born with a club foot and underwent surgery as a small child to correct this condition. (R. 243, 258.) However, this surgery overcorrected plaintiff's condition, leading to her current foot problems. (*Id.*) Plaintiff alleges that she became disabled on March 1, 2009, when she left her job as a certified nurse's aide to go on maternity leave. (R. 30.) Plaintiff's child was born in May of 2009, but plaintiff has not submitted any medical records covering the period between August 2008 (R. 223-238) and the report of a State agency consultative examination in April 2010. (R. 240-247.) On August 28, 2008, plaintiff was examined by Robert Teasdall, M.D., of the Wake Forest University Baptist Medical Center, who diagnosed plaintiff with clubfoot and metatarsalgia in her right foot.[4] (R. 234-238.) Dr. Teasdall recommended a triple arthrodesis (reduction of joint ossification), but suggested that plaintiff delay surgery for as long as possible due to its risks. (R. 237-238.)

The next medical evidence is a report of a State agency consultative examination by Thabit Bahhur, M.D., dated April 19, 2010. (R. 241-247.) He diagnosed plaintiff as suffering an exacerbated reverse type deformity including extreme pronation resulting from a healed club foot procedure. (R. 245-246.) He observed that plaintiff ambulated with some minimal limp, appearing to favor the right foot, and that she had increased tenderness to palpation over the area of the medial ankle bone and the anterior aspect of the ankle, as well as increased discomfort on attempting range of motion including dorsiflexion and plantar flexion of the right foot. (R. 245-246.) In a range of motion form completed on April 19, 2010, Dr. Bahhur indicated there were

---

[4] The term "metatarsalgia" describes pain and inflammation in the ball of the foot. *Metatarsalgia*, Mayo Clinic, http://www.mayoclinic.com/health/metatarsalgia/DS00496 (last updated Jan. 25, 2011).

4

decreased ranges of motion in her hips, knees, and ankles. (R. 241.) He opined that plaintiff's obesity may be compounding her pain, and that she would need frequent rest periods for a job involving standing or walking such that "she would probably be best suited for a sit down job." (R. 247.)

The only other medical evidence of record is a "follow up" evaluation by Jason Ferris, P.A., dated February 8, 2011. (R. 258.) The report reveals that plaintiff had tenderness around the medial side of the ankle, limited dorsiflexion and plantar flexion, as well as painful and limited subtalar range of motion. (*Id.*) She was referred to Dr. Wolfe for a surgical consult, but there is no evidence in the record suggesting that plaintiff ever met with Dr. Wolfe or has elected to undergo surgery. (*Id.*)

The Law Judge's RFC finding limited plaintiff to sedentary work as Dr. Bahhur had indicated. (R. 14.) He found that plaintiff's subjective complaints were not credible to the extent she offered, and that she would not be prevented from performing sedentary work. (R. 14.) In so finding, he relied on the record evidence of plaintiff's activities of daily living, the fact that there are very few treatment records, and the fact that the medical records revealed conservative treatment. (*Id.*) Plaintiff has not been prescribed any medication for her pain. (R. 37.) Her activities of daily living included caring for her daughter, doing household chores, driving four to five times a week, attending church, and spending time with others. (R. 14, 35-37.)

At bottom, plaintiff's claim suffers from a dearth of medical records establishing disability and from the extent of her daily activities. While no one can doubt she suffers the painful effects of her foot impairment, there is substantial evidentiary support for the Law Judge's determination of her residual functional capacity. As a result, there were jobs identified

5

by the VE as being available to a person with plaintiff's RFC, and the Commissioner's final decision is supported by substantial evidence.

For all these reasons, it is RECOMMENDED that an Order enter GRANTING the Commissioner's motion for summary judgment, DENYING plaintiff's motion, and DISMISSING this case from the docket of the court.

The Clerk is directed to immediately transmit the record in this case to the presiding United States District Judge. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note objections, if any they may have, to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection. The Clerk is directed to transmit a certified copy of this Report and Recommendation to all counsel of record and to plaintiff at her last known address.

ENTERED: _____
U.S. Magistrate Judge

2/15/13
Date